## MYERS vs. SLACK.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE THEREOF PRESIDING.

Although three juries have returned similar verdicts, if the Supreme Court cannot agree with them on the facts, the cause will be remanded.

The plaintiff seeks to recover one thousand dollars for his slave, who was drowned while hired by the defendant. The

Eastern Dis.
January, 1833.

MYERS
vs.
SLACK.

plaintiff alleges the slave was hired on an agreement, between the parties, that he should be engaged at the whip saw. During the time he was in the defendant's service, under this contract, the slave was drowned. He was despatched by the defendant in a skiff, with a white man, to the Bayou Plaquemine, and while on his return, some accident occasioned his death.

The defendant denied the plaintiff's right of action, and the allegations and facts of the petition.

On the trial, the defendant excepted to a decision of the court, rejecting proof offered by him, that the slave had, while on his errand to the Bayou Plaquemine, obeyed a command of the plaintiff.

The jury returned a verdict for the plaintiff, for the sum of seven hundred dollars.

The defendant moved for a new trial, on the following grounds : 1. The court erred in rejecting the testimony offered by defendant. 2. The verdict is manifestly contrary to law and evidence. The motion was sustained and a new trial was granted.

The defendant next amended his answer, by averring facts tantamount to the plaintiff's consent and approval of his conduct, in sending the slave on the errand. A second jury was empannelled, but, after hearing the evidence, could not agree on a verdict.

A third jury, to whom the cause was submitted, were unable to agree.

On the fourth trial, a verdict was returned in favor of the plaintiff, for seven hundred and fifty dollars.

A new trial was granted, and of the fifth jury, empannelled to try the cause, eleven agreed, and by consent of the parties, a verdict was accordingly entered in favor of the plaintiff, for six hundred dollars.

A motion by defendant for a new trial, on the ground that the verdict was contrary to law and evidence, was overruled. The defendant appealed.

*Labauve*, for appellant.

1. It was a special stipulation on the part of the plaintiff, that the negro Joe should come from time to time, to the river.

2. It is shown that he must come by water, and that Myers requested Ross to let him come out with him when he would.

3. Myers ratified and consented to the trip, gave himself a dangerous commission to Joe, thereby converting partly the services of Joe, to his benefit.

4. Ross, in that trip, was as much the agent of Myers as of Slack.

5. It is not shown that Joe was drowned in consequence of the trip; the boat was made fast at shore.

6. Myers gave to Joe the means of his death, and no one but him ought to suffer.

7. There is on the part of Slack, no fault, no negligence; what he did was according to the contract, as well as with the consent of Myers. Slack acted as a good father of family.

8. The jury did not decide the case on mere points of facts, the liability of Slack is entirely based on a point of law, to wit : Is Slack responsible for the loss of Joe?

9. The verdict is clearly contrary to law and evidence.

*Burk,* for appellee.

PORTER, J. delivered the opinion of the court.

This action is brought to recover from the defendant, the value of a slave, hired by the plaintiff to the defendant. The petition charges, that the negro was used for other purposes than those contemplated by the contract, and that in consequence thereof, he was lost.

The answer puts at issue, the allegations in the petition, and also avers, that the consent of the plaintiff was given to the employment of the slave, in the business which is now charged as a deviation from the contract.

The case appears to have been tried five times by a jury. There have been three verdicts for the plaintiff, and twice

EASTERN DIS.
*January,* 1833.
———————
MYERS
*vs.*
SLACK.

no verdict was given, in consequence of the jurors not being able to agree.

The judges who granted the new trials, on the ground of their being contrary to law and evidence, of course differed with the juries. The judge who sat last on the case, declared he was not satisfied with the verdict, but that after such repeated expressions of the opinions of several juries, he did not feel authorised to set aside the last verdict. Judgment was accordingly given for the plaintiff, and the defendant appealed.

There is not much contradiction in the evidence. It appears pretty clearly, that the slave was hired as a sawyer, and that there was no express understanding he was not to be employed at other work. The parties stipulated, that once every two weeks, the slave should have permission to come from the defendant's plantation, to Plaquemine, to visit his wife. The nature of the country prevented this visit being made any other way than by water. A week previous to the time at which the slave should have made this visit, the defendant had occasion to bring some articles from Plaquemine, and he sent the slave in a skiff, accompanied by a white man, to bring them. The plaintiff lived on the Bayou, and the skiff necessarily passed before his door. It stopped there on the way up, and the plaintiff understanding where and on what errand the slave was sent, gave him directions to procure a jug of whiskey, and leave it at home as he returned. The whiskey was obtained according to the master's directions. On descending the Bayou Plaquemine, the white man, already mentioned, and the slave stopped at the house of one Placide. The former went and slept in the house all night. He swears he endeavored to induce the slave to leave the skiff, but he could not persuade him to do so. In the morning the negro was missing, and a few days after, his body was found in the bayou.

There are several other circumstances proved, not necessary to be noticed, and several sworn to, which are either contradicted by other witnesses, or rendered doubtful from circumstances which need not be stated at length.

We have examined this case with anxiety, to find in it facts, which would authorise us to agree with the verdict, and affirm the judgment below. We have been unable to discover any thing, which permits us to do so. If the verdicts of the juries be correct, it must be on matters of which they had a knowledge, and which do not appear on record. On such knowledge we cannot act. We think the best course to pursue with the case, is to remand it for a new trial.

EASTERN DIS.
January, 1833.

Although three juries have returned similar verdicts, if the Supreme Court cannot agree with them on the facts, the cause will be remanded.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed, and it is further ordered and decreed, that this cause be remanded for a new trial, the appellee paying costs of this appeal.